UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                           :
JANE DOE, on her own behalf, on behalf of her              :
husband, John Doe, and on behalf of all others             :
similarly situated,                                         :
                                                           :
                              Plaintiff,                    :    **MEMORANDUM AND ORDER**
                                                           :    17-CV-4160 (AMD) (RL)
                - against -                                 :
                                                           :
                                                           :    FILED
UNITED HEALTH GROUP INC., UNITED                           :    IN CLERK'S OFFICE
HEALTHCARE INSURANCE CO., OXFORD                           :    US DISTRICT COURT E.D.N.Y.
HEALTH PLANS, LLC, OXFORD HEALTH                           :    ★  NOV 15 2018  ★
PLANS (NY), INC., and OXFORD HEALTH                        :
INSURANCE, INC.,                                           :    BROOKLYN OFFICE
                              Defendants.                   :
                                                           :
------------------------------------------------------------ X

**ANN M. DONNELLY, United States District Judge:**

The plaintiff brings this action pursuant to the Mental Health Parity and Addiction Equity

Act of 2008, 29 U.S.C. § 1185a, alleging that the defendants discriminated against her by

imposing arbitrary reimbursement penalties on psychologists and masters' level counselors who

provide psychotherapy. On August 20, 2018, I issued a memorandum and order granting in part

and denying in part the defendants' motion to dismiss the plaintiff's complaint. On September 4,

2018, the plaintiff moved for reconsideration, requesting that the Court strike footnote 6 of the

August 20, 2018 opinion, which states in part that "the complaint alleges only that the

reimbursement policy is a nonquantitative treatment limitation." Familiarity with the facts is

assumed.

A motion for reconsideration may be granted when the moving party identifies "an

intervening change of controlling law, the availability of new evidence, or the need to correct a

1

clear error or prevent manifest injustice." *Virgin Atlantic Airways v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted). Under Local Civil Rule 6.3, the decision to grant or deny a motion for reconsideration "is within the sound discretion of the district court . . . and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hernandez v. Doe*, No. 16-CV-2375, 2016 WL 7391989, at *2 (E.D.N.Y. Dec. 21, 2016) (citing *Mangino v. Inc. Vill. of Patchogue*, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011)). Generally, a motion for reconsideration will be "denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

The plaintiff argues that the complaint alleged that the defendants' reimbursement policy was also a quantitative treatment limitation and financial requirement, an argument she also made in her opposition to the defendants' motion to dismiss. (ECF No. 36 at 14-15 ("Plaintiff asserts that United's policy violates the Parity Act's prohibition against both discriminatory QTLs *and* NQTLs." (emphasis in original)) ("[T]he United policy is a discriminatory 'financial requirement.").) But nowhere in the complaint does the plaintiff make that allegation. In the paragraphs on which the plaintiff relies—85 and 86—the plaintiff referenced portions of the Federal Parity Act that describe financial requirements and quantitative treatment limitations, but, as the Court found in its August 20, 2018 opinion, that section of "the complaint alleges only

that the reimbursement policy is a nonquantitative treatment limitation." (ECF No. 45 at 10 n.6; ECF No. 1 at 28 ("This non-exhaustive list [of NQTLs] includes 'methods for determining usual, customary and reasonable charges,' which includes the methods United uses for determining allowed amounts or eligible expenses for Non-Par services.").)[1] The plaintiff does not "point to any controlling decisions or data that the court overlooked." *Shrader*, 70 F.3d 255, 257 (2d Cir. 1995).

Accordingly, the plaintiff's motion for reconsideration is denied.

**SO ORDERED.**

s/Ann M. Donnelly

_____
Hon. Ann M. Donnelly, U.S.D.J.
Chair of the Committee on Grievances
For the United States District Court
Eastern District of New York

Dated: Brooklyn, New York
November 15, 2018

---

[1] In its August 20, 2018 opinion, the Court did not reach, and it does not here, the question of whether financial requirements, quantitative treatment limitations, and non-quantitative treatment limitations are mutually exclusive.