```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
JANE DOE, on her own behalf, on behalf of her           :
husband, John Doe, and on behalf of all others          :
similarly situated,                                     :
                                                        :
                          Plaintiff,                    :      MEMORANDUM AND ORDER
                                                        :
                                                        :      17-CV-4160 (AMD) (RL)
           - against -                                  :
                                                        :
                                                        :
OXFORD HEALTH INSURANCE, INC.,                          :
                                                        :
                          Defendant.                    :
                                                        :
------------------------------------------------------- X
```

**ANN M. DONNELLY,** District Judge.

The plaintiff seeks leave to file an amended complaint to add allegations that the defendant's reimbursement policy is a quantitative treatment limitation, a financial requirement, and a cost sharing requirement under the Mental Health Parity and Addiction Equity Act of 2008, codified at 29 U.S.C. § 1185a ("Federal Parity Act"). (ECF No. 55.) The defendant opposes this request. (ECF No. 56.) For the reasons that follow, the plaintiff's motion to file an amended complaint is granted in part and denied in part.

## BACKGROUND[1]

On July 13, 2017, the plaintiff brought this action alleging that the defendant discriminated against her by imposing arbitrary reimbursement penalties on psychotherapy by psychologists and masters' level counselors. (ECF No. 1.) The defendant moved to dismiss. (ECF Nos. 31, 32, 33.) On August 20, 2018, I granted the defendant's motion to dismiss in part, dismissing several claims and

---

[1] Familiarity with the underlying facts is assumed.

1

other defendants from this action. (ECF No. 45.) I denied the defendant's motion to dismiss the Federal Parity Act claim and several ERISA claims. (*Id.*)

I noted in a footnote that "the complaint alleges only that the [defendant's] reimbursement policy is a nonquantitative treatment limitation." (ECF No. 45 at 10 n.6.) The plaintiff moved for reconsideration, arguing that I should strike the footnote from the opinion because the complaint alleged that the reimbursement policy is a quantitative treatment limitation, nonquantitative treatment limitation, and financial requirement. (ECF No. 50.) On November 15, 2018, I denied the plaintiff's motion for reconsideration. (ECF No. 54.)

The plaintiff moves to amend the complaint to add allegations that the reimbursement policy is a quantitative treatment limitation, financial requirement, and cost sharing requirement. (ECF No. 55.)

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party that cannot amend a pleading as a matter of course may amend its pleading "only with the opposing party's written consent or the court's leave;" "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has described "[t]his permissive standard" as "consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (citation omitted). Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Couloute v. Ryncarz*, No. 11-CV-5986, 2012 WL 541089, at *3 (S.D.N.Y. Feb. 17, 2012) (quoting *Monahan*, 214 F.3d at 283).

## DISCUSSION

The plaintiff argues that I should grant the motion to amend, in keeping with the permissive standard of Rule 15(a). (ECF No. 55 at 2.) The plaintiff goes on to say that denial of the motion "would preclude Plaintiff from asserting different theories of liability under the same Act." (*Id.*) There is no prejudice, the plaintiff contends, because there has been little discovery, and because this issue has been raised in the parties' briefs. (*Id.* at 3.)

The defendant responds that the amendment would be futile because the defendant's reimbursement policy is not a quantitative treatment limitation or financial requirement. (ECF No. 56 at 1-2.) The defendant also argues that "these are mutually exclusive categories," and that the plaintiff has conceded that the reimbursement policy is a nonquantitative treatment limitation. (*Id.* at 3.) The plaintiff replies that "Federal Rule of Civil Procedure 8 allows for alternative and contradictory pleading." (ECF No. 55 at 2.)

Under the Federal Parity Act, "if an insurer 'provides both medical and surgical benefits and mental health or substance use disorder benefits,' the insurer must ensure that both 'the financial requirements' and 'the treatment limitations' applicable to mental health and substance use disorder benefits 'are no more restrictive' than the predominant financial requirements and treatment limitations that apply to medical and surgical benefits." *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 356 (2d Cir. 2016) (quoting 29 U.S.C. § 1185a(a)(3)(A)). "The term 'financial requirement' includes deductibles, copayment, coinsurance, and out-of-pocket expenses . . . ." 29 U.S.C. § 1185a(a)(3)(B)(i).

"Treatment limitations include both quantitative treatment limitations . . . and nonquantitative treatment limitations . . . ." 29 C.F.R. § 2590.712(a). Quantitative treatment limitations "are expressed

numerically (such as 50 outpatient visits per year)." *Id.* "Different types of quantitative treatment limitations include annual, episode, and lifetime day and visit limits." *Id.* § 2590.712(c).

Nonquantitative treatment limitations "otherwise limit the scope or duration of benefits for treatment under a plan or coverage." *Id.* § 2590.712(a). An "illustrative list" of examples of nonquantitative limitations includes "[s]tandards for provider admission to participate in a network, including reimbursement rates," "[p]lan methods for determining usual, customary, and reasonable charges," and "[r]estrictions based on geographic location, facility type, provider specialty, and other criteria that limit the scope or duration of benefits for services provided under the plan or coverage." *Id.* § 2590.712(c)(4)(ii).

The plaintiff's motion is granted to the extent of permitting the plaintiff to add allegations that the defendant's reimbursement policy is a financial requirement and a cost sharing requirement. The reimbursement policy, as alleged by the plaintiff, requires the insured patient to pay additional out-of-pocket expenses for services provided by psychologists and masters' level counselors, and thus the plaintiff sufficiently alleges that the policy is a financial requirement.

I deny as futile the motion to add allegations that the defendant's reimbursement policy is a quantitative treatment limitation. The policy does not limit the number of visits, and thus does not fall within the definition of a quantitative treatment limitation.

For the foregoing reasons, the plaintiff's motion to amend is granted in part and denied in part. The plaintiff is directed to file an amended complaint in accordance with the terms of this opinion.
**SO ORDERED.**

              s/Ann M. Donnelly
              _____
              The Honorable Ann M. Donnelly
              United States District Judge

Dated: Brooklyn, New York
    January 25, 2019