# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, on her own behalf, on behalf of her husband, John Doe, JANE SMITH, JANE ROE, on their own behalf and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITEDHEALTH GROUP INCORPORATED, et al.,<br><br>    Defendants. | Civil Action No. 1:17-cv-4160-AMD-RML<br><br>Civil Action No. 1:21-cv-02791-AMD-RML<br><br>(consolidated) |
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED BEHAVIORAL HEALTH and UNITEDHEALTHCARE INSURANCE COMPANY,<br><br>    Defendants. | Civil Action No. 1:21-cv-04519-AMD-RML |
| PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITEDHEALTH GROUP INCORPORATED, et al.,<br><br>    Defendants. | Civil Action No. 1:21-cv-04533-AMD-RML |

## **FINAL APPROVAL ORDER AND JUDGMENT**

8027684.2

Plaintiffs Jane Doe, Jane Smith, and Jane Roe ("Class Representatives"), on behalf of themselves and the members of the *Doe/Smith* Settlement Class (as defined below); the Secretary of Labor; the New York Attorney General; and Defendants UnitedHealth Group Incorporated., United Healthcare Insurance Company, Oxford Health Plans, LLC, Oxford Health Plans (NY), Inc., Oxford Health Insurance, Inc., United Behavioral Health, UnitedHealthcare Insurance Company of New York and UnitedHealthcare of New York, Inc. (collectively, "Defendants") have agreed to settle the above-captioned actions (the "Settling Actions") on the terms and conditions set forth in the Stipulation of Settlement (the "Stipulation") (this settlement process hereinafter referred to as the "Settlement").

Currently pending is an application for final approval of Settlement of the above-captioned *Doe* and *Smith* actions pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and of the Plan of Allocation;

Also pending is Plaintiffs' application for an Attorneys' Fees and Expenses Award and Class Representatives' Incentive Award (the "Fee and Incentive Award Application").

In addition, the Stipulation also resolves the two above-captioned enforcement actions: *Walsh v. United Behavioral Health, et al.*, Case No. 21-cv-4519 (E.D.N.Y.), brought by the Secretary of Labor ("DOL Action"); and *James v. UnitedHealth Group Incorporated, et al.*, Case No. 21-cv-4533 (E.D.N.Y.), brought by the New York Attorney General ("NYAG Action").

In connection with the Settlement and the current applications before the Court, the Court makes the following findings:

A. By docket orders of August 24 and 30, 2021, the Court entered Findings and Order Preliminarily Certifying the *Doe/Smith* Settlement Class, Granting Preliminary Approval to Proposed Class Settlement, Approving Form and Dissemination of Class Notice, and Setting Date for Fairness Hearing (ECF No. 107-1) (the "Preliminary Approval Order") preliminarily certifying the proposed *Doe/Smith* Settlement Class under Rule 23; appointing Class Counsel, the Class Representatives, and a Settlement Administrator; and directing that notice be given to the members of the *Doe/Smith* Settlement Class (each a "*Doe/Smith* Settlement Class member") of the proposed

Settlement and of a Fairness Hearing.

B.  In the Preliminary Approval Order, the Court approved the form and content of the Notice of Proposed Class Action Settlement and Fairness Hearing ("Settlement Notice") directed to *Doe/Smith* Settlement Class members.

C.  During the period October 12, 2021 to November 22, 2021, the Settlement Administrator caused the Settlement Notice to be mailed to all *Doe/Smith* Settlement Class members, which informed them of the principal Settlement terms, including the Plan of Allocation, and that the Court would consider the following issues at the Fairness Hearing: (i) whether the Court should grant final approval to the Settlement and Plan of Allocation; (ii) whether the Court should enter final judgment dismissing the Settling Actions with prejudice; (iii) the amount of an Attorneys' Fees and Expenses Award, if any, to be awarded to Class Counsel; (iv) whether to approve the payment of the Incentive Award to the Class Representatives and the amount of the Incentive Award; and (v) any objections by *Doe/Smith* Settlement Class members to any of the above that were timely and properly served in accordance with the Preliminary Approval Order. The Settlement Notice referred *Doe/Smith* Settlement Class members to a dedicated settlement website that provided more detailed information about the cases and the Settlement, including instructions about how to opt-out or object, and relevant filings from the case.

D.  On October 27, 2021, Plaintiffs filed the Fee and Incentive Award Application (ECF No. 108).

E.  Pursuant to the Settlement Notice, five (5) persons validly excluded themselves from the *Doe/Smith* Settlement Class and opted not participate in the Settlement. No objections to the Settlement were filed with the Court and/or made at the Fairness Hearing.

F.  By declaration filed on December 9, 2021, the Settlement Administrator confirmed the mailing of the Short Form Notice to all *Doe/Smith* Settlement Class members for which it was able to obtain valid addresses, from Defendants' records or via follow-up tracing.

G.  On August 20, 2021, Defendants mailed conforming Class Action Fairness Act Notices ("CAFA Notices") to the appropriate persons or entities.

H. In accordance with the Settlement Notice, a Fairness Hearing was held on December 16, 2021.

The Court having entered the Preliminary Approval Order, having heard argument in support of the Settlement and Plan of Allocation, and the Fee and Incentive Award Application, having reviewed all of the evidence, objections, and other submissions presented with respect to the Settlement and Plan of Allocation, and the record of all proceedings in this case, and having made the foregoing findings,

It is hereby ORDERED, ADJUDGED, AND DECREED that:

1. For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement.

2. The Court has jurisdiction over the subject matter of the Settling Actions and personal jurisdiction over all parties to the Settling Actions, including all *Doe/Smith* Settlement Class members.

3. The Court certifies the *Doe/Smith* Settlement Class, which is defined as the individuals identified on the Class List. The Class List reflects Defendants' reasonable efforts to identify all individuals who meet the criteria below:

> All members currently or formerly enrolled in fully-insured and self-insured ERISA Oxford and United Plans who received out-of-network outpatient behavioral health services and whose reimbursement amounts were reduced, by 25% or 35% because they were provided by psychologists or masters level counselors/social workers, respectively, for dates of service November 22, 2013 to August 11, 2021, or by 25% because they were provided by psychologists or masters level counselors/social workers, for dates of service November 22, 2013 to May 1, 2015.

The *Doe/Smith* Settlement Class subsumes within it: (i) members of fully insured ERISA commercial Oxford and United Plans situated in New York, which are the subject of the NYAG

3

Action; and (ii) the members of the Settlement Class of the DOL Action, which consists of all self-insured members of the *Doe/Smith* Settlement Class plus all fully-insured members whose plan documents did not disclose the Tiered Reimbursement Policy, the latter members the Secretary shall not attempt to ascertain.

4.  The Court finds, for settlement purposes only, that the *Doe/Smith* Settlement Class satisfies the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

5.  Pursuant to Fed. R. Civ. P. 23(e)(2), the Court hereby approves and confirms the Settlement and the terms therein as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Settling Actions.

6.  The Court hereby approves the Settlement and orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

7.  In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, 110,774 Settlement Notices were timely distributed by first-class mail to all *Doe/Smith* Settlement Class members who could be identified from Defendants' records. Of the 5,450 mailings initially returned as undeliverable, the Settlement Administrator searched for updated address information and re-mailed notices to the 3,445 *Doe/Smith* Settlement Class members for whom it identified an updated address. In total, the Notice was successfully sent to over 98% of the Settlement Class.

8.  All requirements of the Class Action Fairness Act ("CAFA"), 29 U.S.C. § 1711, *et seq.*, have been met, and Defendants have fulfilled their obligations under CAFA by the Settlement Administrator's timely providing notice of the Settlement to the Attorneys General for each of the states in which a *Doe/Smith* Settlement Class member resides, the Attorney General of the United States, and the United States Secretary of Labor.

8027684.2

9. The form and methods of notifying the *Doe/Smith* Settlement Class members of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notice of the Fairness Hearing and the rights of all *Doe/Smith* Settlement Class members have been provided to the people, powers, and entities entitled thereto.

10. The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

   a. The Class Representatives and Class Counsel have adequately represented the *Doe/Smith* Settlement Class.

   b. The Settlement resulted from arm's-length negotiations by experienced and competent counsel;

   c. The Settlement was negotiated only after Class Counsel had litigated the case for several years, conducted thorough discovery of documentary evidence; conducted a pre-settlement investigation; and received pertinent information and documents from Defendants;

   d. Class Counsel and the Class Representatives have concluded that the Settlement is fair, reasonable, and adequate; and

   e. The relief provided for the *Doe/Smith* Settlement Class is adequate, taking into account the factors in Fed. R. Civ. P. 23(e)(2)(C) as relevant, including: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of distributing the proposed relief to the *Doe/Smith* Settlement Class; and (iii) the terms of the Attorneys' Fees and Expenses Award and Class Representatives' Incentive Award.

5

    f.  The Settling Parties were well-positioned to evaluate the value of the Settling Actions;

    g.  If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

    h.  The Class Representatives have actively and independently participated in the litigation;

    i.  *Doe/Smith* Settlement Class members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement to the Court; and

    j.  There were no objections to the Settlement.

  11.  The Motion for Certification of Settlement Class and Final Approval of Class Settlement is hereby GRANTED, the settlement of the Settling Actions is APPROVED as fair, reasonable, and adequate to the *Doe/Smith* Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement.

  12.  The Settlement is also APPROVED as to the DOL Action and NYAG Action.

  13.  The Fee and Incentive Award Application (ECF No. 108) is GRANTED. The Court finds reasonable the fee and expense request and the Incentive Awards for the Class Representatives, and awards Plaintiffs $3.35 million for (i) attorneys' fees and expenses in the amount of $3.29 million, and (ii) Incentive Awards to the three Class Representatives in the amount of $20,000 each.

  14.  Neither the Settlement, this Final Approval Order and Judgment, any papers related to the Settlement, nor the fact of the Settlement is intended to be construed as either a finding by the Court, or an admission or denial by Defendants, of fault, wrongdoing, or liability.

8027684.2

15. The Parties and the Settlement Administrator shall carry out all of the terms of the Settlement, including the payment of the Settlement Amount, the distribution of payments to each of the Class Members as provided in the Plan of Allocation, and the release provisions in the Stipulation, in accordance with the terms of the Stipulation.

16. By the later of (a) ten (10) days from the date of this order or (b) January 7, 2022, Defendants are expressly and specifically authorized and ordered to produce the Class Claims Data to the Settlement Administrator and Class Counsel. "Class Claims Data" means a spreadsheet that lists, for each *Doe/Smith* Settlement Class member, at least the following fields: (a) name of the *Doe/Smith* Settlement Class member; (b) last known address of the *Doe/Smith* Settlement Class member; (c) the claim number for the claim to which the Tiered Reimbursement Policy applied; (d) the billed amount(s) for claims to which the Tiered Reimbursement Policy applied; (e) the "allowed amount(s)" for claims to which the Tiered Reimbursement Policy applied as reflected in Defendants' records; (f) the amount Defendants already paid for the claim; (g) the amount of any member cost share for the claim (*e.g.*, deductible, copayment, coinsurance); (h) provider specialty/license level sufficient to determine the appropriate reimbursement level; (i) the date of service; (j) the revised allowed amount; (k) the impact of tiering; (l) type of plan; and (m) group name. The Court finds that this information is necessary to effectuate the terms of the Settlement. Consistent with the terms of the Settlement, except as necessary to implement the terms of the Settlement, obligations under federal and state law, and any Court orders, Defendants, the Settlement Administrator, and Class Counsel will keep confidential all personally identifiable information of the *Doe/Smith* Settlement Class members, and comply with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

17. The operative Complaints and all claims asserted therein, whether asserted by the Class Representatives on their own behalf or on behalf of the *Doe/Smith* Settlement Class members, the Secretary of Labor, or the New York Attorney General are hereby dismissed with prejudice and without costs to any of the Settling Parties, except as otherwise provided for in the Settlement.

18. Upon the Effective Date, and under the terms of the Stipulation:

a. Each *Doe/Smith* Settlement Class member and their respective current and former employees, attorneys, heirs, executors, administrators, agents, legal representatives, conservators, professional corporations, partnerships, assigns, successors, and with respect to minors, parents and guardians, will fully, finally, and forever release, relinquish, and discharge all of the Defendants and their Affiliated Entities from, and shall forever be enjoined from prosecution of Defendants and their Affiliated Entities for, any and all Class Action Released Claims.

> (1) *Doe/Smith* Settlement Class members shall not bring an action against Defendants challenging the current License-Level Reimbursement Policy for one (1) year after the date of the Order of Final Approval of Settlement, as long as the current License-Level Reimbursement Policy remains in place without substantial change. Defendants' adjustment of the License-Level Reimbursement Policy consistent with CMS tiering does not constitute a "substantial change." Nothing in this Section 17(a)(1) limits or precludes an action to enforce the Stipulation.
>
> (2) The *Doe/Smith* Settlement Class members hereby waive any and all provisions, rights, and benefits conferred under California Civil Code section 1542 or by any law of any state of the United States, or principle

    of common law or otherwise, which is similar, comparable, or equivalent to California Civil Code section 1542, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." Class Plaintiffs shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and was a key element of the Stipulation.

  b. The Secretary shall release all claims that it brought or could have brought against Defendants and their Affiliated Entities related to the facts alleged in the April 22, 2019 Voluntary Compliance Letter issued by the Secretary and/or the DOL Action.

  c. NYAG shall release all claims that it brought or could have brought against Defendants and their Affiliated Entities related to the facts alleged in the April 22, 2019 Voluntary Compliance Letter issued by the Secretary and/or the NYAG Action except for claims relating to a reinstitution in New York by Defendants of the Tiered Reimbursement Policy after the Order of Final Approval, or application of the License-Level Reimbursement Policy or a similar policy.

  d. Defendants and their Affiliated Entities release: (i) any claims, rights, and liabilities of any nature, including but not limited to, actions, claims, demands, causes of action, obligations, damages, debts, charges, attorneys' fees, costs, arbitrations, forfeitures, judgments, indebtedness, liens and losses of any kind, source or character, whether arising out of federal or state law, whether known or unknown, whether asserted or unasserted, arising on or before the date of the Order of Final Approval of Settlement, whether in contract, express or implied, tort,

9

8027684.2

at law or in equity or arising under or by virtue of any statute or regulation, by reason of, or arising out of claims that were brought or could have been brought in the Class Actions prior to the date of the Order of Final Approval of Settlement relating to the Tiered Reimbursement Policy or the benefit claims referenced in the Class Claims Data that were subject to the Tiered Reimbursement Policy; (ii) any claims, including those arising out of the Equal Access to Justice Act, that they may have against the Secretary relating to the investigation of the claims described in the April 22, 2019 Voluntary Compliance Letter issued by the Secretary; and (iii) any claims that they may have against NYAG relating to its investigation of the claims described in the April 22, 2019 Voluntary Compliance Letter issued by the Secretary.

19.  The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over the Defendants and the *Doe/Smith* Settlement Class members pursuant to the provisions of ERISA and expressly retains that jurisdiction with regard to implementation, enforcement, and administration of this Stipulation and this Final Approval Order, including the release provisions thereof and disposition of the Tiered Reimbursement Settlement Fund. Any motion to enforce this Final Approval Order or the Settlement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement and/or this Final Approval Order shall serve as and may be asserted as an absolute and complete affirmative defense and/or counterclaim to any action that is asserted in violation of the Settlement, in this or any other forum. However, nothing shall prevent Defendants from seeking to dismiss or otherwise terminate any action or proceeding related to a released claim on grounds other than operation of the Settlement and/or this Final Approval Order; nor shall the assertion of other grounds for the dismissal or termination of an action or proceeding related to a released claim prevent

Defendants from later asserting that such action or proceeding is prohibited under the Settlement and/or this Final Approval Order.

20.     Upon the effective date of this Order, *Doe/Smith* Settlement Class members, the Secretary, NYAG, and Defendants shall be bound by the Settlement.

21.     The Action is dismissed with prejudice and without costs (except as otherwise provided herein).

This is a final judgment.

**IT IS SO ORDERED.**

DATED:  January 9, 2022 , 2̶0̶2̶1̶

*Robert M Levy*
UNITED STATES DISTRICT JUDGE

8027684.2